**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UBALDO E. ANGULO; RAQUEL
MUNIVE LEON,

        Petitioners,

  v.

ERIC H. HOLDER, Jr., Attorney General,

        Respondent.

No. 08-72304

Agency Nos.  A097-356-871
              A097-356-870

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 19, 2009[**]

Before:    B. FLETCHER, REINHARDT, and WARDLAW, Circuit Judges.

    Ubaldo E. Angulo and Raquel Munive Leon, husband and wife and natives

and citizens of Mexico, petition pro se for review of the Board of Immigration

Appeals' ("BIA") order denying their motion to reopen removal proceedings. We

have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion, *Perez*

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*v. Mukasey*, 516 F.3d 770, 773 (9th Cir. 2008), and we deny the petition for review.

The BIA did not abuse its discretion in denying petitioners' motion to reopen on the ground that they failed to establish prima facie eligibility for protection under the Convention Against Torture. *See Toufighi v. Mukasey*, 538 F.3d 988, 996-97 (9th Cir. 2008) (requiring movant to establish prima facie eligibility for relief). Petitioners failed to present evidence of changed country conditions in Mexico that were particular to petitioners and their circumstances. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam).

The BIA also did not abuse its discretion in denying petitioners' motion to reopen where it considered the additional evidence of hardship to petitioners' United States citizen son and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002) (BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational or contrary to law.").

In light of our disposition, we do not reach petitioners' remaining contention that Angulo's offense did not render him ineligible for cancellation of removal.

**PETITION FOR REVIEW DENIED.**

08-72304